# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GEORGE ADAM NEWBILL, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 17-00410-B |
| NANCY BERRYHILL,<br>Deputy Commissioner for<br>Operations of the Social<br>Security Administration, | * |
| Defendant. | * |

## ORDER

This action is before the Court on Plaintiff George Adam Newbill's (hereinafter "Plaintiff") Motion for Order of Remand, the Defendant Commissioner of Social Security (hereinafter "the Commissioner")'s response in opposition to the motion, and Plaintiff's response. (Docs. 22, 26, 27).[1] Upon consideration, the Court finds that Plaintiff's Motion for Order of Remand (Doc. 22) is due to be **DENIED**.[2]

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

[2] On August 16, 2018, the parties consented to have the undersigned Magistrate Judge conduct any and all proceedings in this case. (Doc. 23). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (Doc. 24).

I.  **Procedural History**

Plaintiff protectively filed his application for supplemental security income benefits on June 16, 2014, alleging disability beginning December 1, 2013, based on hepatitis C, tonsillitis, stomach acid, weight loss, stomach ulcers, and seizures. (Doc. 12 at 137, 139, 167). Plaintiff's application was denied by notice dated October 3, 2014. (Id. at 84-88). Upon timely request, he was granted an administrative hearing before Administrative Law Judge Laura Robinson (hereinafter "ALJ") on February 29, 2016. (Id. at 52). Plaintiff attended the hearing with his counsel and provided testimony related to his claims. (Id. at 54-63). On May 26, 2016, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 18-35). A second decision unfavorable to Plaintiff was issued by the ALJ on August 24, 2016.[3] (See id. at 5; Doc. 13 at 1). The Appeals Council denied Plaintiff's request for review on July 15, 2017. (Doc. 12 at 5-10). Therefore, the ALJ's decision dated August 24, 2016 became the final decision of the Commissioner. (Id. at 5).

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). After the parties filed their respective Social Security briefs, Plaintiff

---

[3] The second unfavorable decision is not in the transcript, but it is referenced in the Appeals Council's denial dated July 15, 2017, and in Plaintiff's brief.

filed the instant Motion for Order of Remand on August 16, 2018. (Doc. 22). Plaintiff argues that his case must be remanded to the Commissioner for a new hearing because the ALJ who issued an unfavorable decision on his applications for Social Security benefits should be considered an "Officer of the United States" who was not properly appointed in accordance with the Appointments Clause of Article II, Section 2 of the United States constitution, based on the reasoning in the United States Supreme Court's recent decision in Lucia v. S.E.C., 138 S. Ct. 2044 (June 21, 2018). In Lucia, the Supreme Court held that ALJs for the Securities and Exchange Commission ("SEC") are "Officers of the United States," and are therefore subject to the Appointments Clause. 138 S. Ct. at 2055. Plaintiff contends that the same reasoning applies to ALJs who adjudicate Social Security claims. (Doc. 22 at 1-2).

In her response, the Commissioner expressly declines to address whether Social Security ALJs are "Officers of the United States" subject to the Appointments Clause. (Doc. 26 at 2 n.1). Additionally, the Commissioner makes no argument that the ALJ who decided Plaintiff's case was constitutionally appointed at the time of Plaintiff's administrative hearing. Instead, the Commissioner argues that Plaintiff has forfeited his Appointments Clause challenge because he failed to raise the issue at the administrative level. For the reasons set forth below, the Court agrees with the Commissioner.

3

## II. **Discussion**

The Appointments Clause provides that the President:

> Shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the [S]upreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

"[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." Ryder v. United States, 515 U.S. 177, 182-83 (1995). Accord Lucia, 138 S. Ct. at 2055 ("This Court has held that 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." (quoting Ryder, 515 U.S. at 182-83). In Ryder, the petitioner was an enlisted Coast Guard member challenging his conviction by court-martial. Ryder, 515 U.S. at 179. The petitioner appealed his conviction to the Coast Guard Court of Military Review, and raised for the first time, before that Court, an Appointments Clause challenge to the composition of that court. Id. After the Court of Military Review rejected his Appointments Clause challenge and largely affirmed his conviction, the petitioner appealed to the

4

United States Court of Military Appeals, which agreed that two of the three judges on the Court of Military Review panel had been appointed in violation of the Appointments Clause, but nevertheless affirmed the petitioner's conviction on the ground that the actions of these judges were valid *de facto*.[4]  Id. at 179-80.

On certiorari review, the Supreme Court reversed the Court of Military Appeals, and held that it had "erred in according *de facto* validity to the actions of the civilian judges of the Coast Guard Court of Military Review."  Id. at 188.  The Court concluded that the petitioner had timely raised his Appointment Clause challenge, and was thus entitled to a hearing before a properly appointed panel of the Court of Military Review.  Id.  The Court emphasized that the petitioner "challenged the composition of the Coast Guard Court of Military Review *while his case was pending before that court on direct review*" and "raised his objection to the judges' titles before those very judges and prior to their action on his

---

[4] "The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office." Ryder, 515 U.S. at 180 (internal citation and quotation marks omitted).

5

case." Id. at 182. (emphasis added)

Lucia involved a situation more analogous to Social Security disability adjudications, where an ALJ issues a decision which is then subject to review by a higher administrative body prior to judicial review. In Lucia, the Court, citing Ryder's "timely challenge" holding, held that the petitioner had made such a timely challenge to the appointment of the SEC ALJ who heard his case when "[h]e contested the validity of [the ALJ's] appointment before the Commission, and continued pressing that claim in the Court of Appeals and [the Supreme] Court[,]" Lucia, 138 S. Ct. at 2055, even though the petitioner had not raised the challenge to the ALJ himself. See id. at 2050 ("On appeal to the SEC, Lucia argued that the administrative proceeding was invalid because [the ALJ] had not been constitutionally appointed.").[5]

The unifying feature of both Ryder and Lucia appears to be that in both cases, each petitioner first raised his Appointment Clause challenge to the entity utilizing the deficiently appointed officials.[6] Although the Eleventh Circuit has yet to apply Lucia

---

[5] Plaintiff argues that Lucia "dealt with a different statutory scheme, the Securities Exchange Act of 1934, which has explicit issue exhaustion requirements." (Doc. 27 at 4). However, there is no indication that the Lucia majority relied on those statutory exhaustion requirements in finding the petitioner's Appointments Clause challenge timely. Rather, Lucia cited only to Ryder's "timely challenge" holding. See Lucia, 138 S. Ct. at 2055.

[6] See also NLRB v. RELCO Locomotives, Inc., 734 F.3d 764, 796 (8th Cir. 2013) ("The waiver doctrine requires a party to make each

6

to a social security case, the majority of courts within this circuit have interpreted the Supreme Court's holding to mean that, in the context of social security disability proceedings, an Appointments Clause challenge must be raised "before the ALJ's decision becomes final," at the administrative level. Gary v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 222662, at *18-19 (M.D. Fla. Nov. 30, 2018) (citing Stearns v. Berryhill, 2018 U.S. Dist. LEXIS 156758, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018) and Page v. Comm'r Soc. Sec., 344 F. Supp. 3d 902, 2018 WL 5668850, at *3 (E.D. Mich. 2018) ("As of this date, the courts that have considered the issue have unanimously rejected attacks on the validity of the ALJ's appointment under Lucia brought under 42 U.S.C. 405(g) where the claimant failed to make a constitutional challenge at the administrative level.")). Any challenge to the constitutional validity of the ALJ's appointment that was not first raised at the administrative level is rejected as untimely. Gary, 2018 U.S. Dist. LEXIS 222662, at *19; Montgomery v. Berryhill, 2018 U.S. Dist. LEXIS 210738, at *1-2 (S.D. Ala. Dec. 14, 2018) (citing Abbington v. Berryhill, 2018 U.S. Dist. LEXIS 210000, 2018 WL 6571208, at *18 (S.D. Ala. Dec. 13, 2018) ("[T]he undersigned finds that Abbington has forfeited her Appointments Clause

---

argument it wishes to preserve for appeal in a timely fashion before the original decisionmaker.").

7

challenge to the ALJ who heard her case by failing to raise that challenge before the Social Security Administration, and Abbington has not shown sufficient cause to excuse the forfeiture.")); Wilson v. Berryhill, 2018 U.S. Dist. LEXIS 210737, at *1-2 (S.D. Ala. Dec. 14, 2018); see also Meadows v. Berryhill, 2019 U.S. Dist. LEXIS 29311, at *7 (E.D.N.C. Feb. 25, 2019); see, e.g., Thurman v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 153449, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018).  Accordingly, in view of Plaintiff's failure to raise the Appointments Clause issue at any point during the administrative process or to show good cause for his failure to do so, the Court finds that Plaintiff has forfeited his Appointment Clause challenge.

**III.    Conclusion**

For the reasons set forth herein, it is hereby **ORDERED** that Plaintiff's Motion for Order of Remand (Doc. 22) is **DENIED**. Plaintiff's appeal of Defendant's adverse administrative decision will proceed on the remaining claims.

**DONE** this **28th** day of **March, 2019.**

                                      **/s/ SONJA F. BIVINS**
                       **UNITED STATES MAGISTRATE JUDGE**